UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | On appeal from the U.S. Bankruptcy |
| ROSEE TORRES and | ) | Court for the Northern District of |
| NOEL VALAZQUEZ TORRES, | ) | Illinois, Eastern Division |
| | ) | |
| Debtors. | ) | Bankruptcy Case No. 18-13068 |
| | ) | |
| | ) | |
| ROSEE TORRES and | ) | District Court Case No. 18 C 5279 |
| NOEL VALAZQUEZ TORRES | ) | |
| | ) | Judge Edmond E. Chang |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

In August 2018, Appellants Rosee and Noel Torres (the Torreses) filed a Chapter 7 bankruptcy petition. Under 11 U.S.C. § 362(d), Wells Fargo successfully moved the bankruptcy court for relief from the automatic stay in order to continue its foreclosure proceeding against the Torreses in Cook County Circuit Court. The Torreses appealed the bankruptcy court's order modifying the automatic stay. R. 1, Appeal.[1] In the course of briefing the appeal, Wells Fargo filed this motion to dismiss, arguing that this Court has no jurisdiction to hear the appeal under *Rooker-Feldman*

---

[1]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number. Citations to the bankruptcy record are noted as "Bankr. R." followed by the docket number and the page or paragraph number.

This Court has jurisdiction over the appeal under 28 U.S.C. § 158(a).

and that the appeal itself is frivolous. R. 19, Mot. Dismiss. For the reasons explained below, the motion is granted insofar as the appeal is dismissed as frivolous.

## I. Background

The events of this case began in April 2016, when Wells Fargo filed a complaint in the Circuit Court of Cook County to foreclose on the Torreses' property located at 3546 West Beach Avenue, Chicago, Illinois 60651. R. 19, Mot. Dismiss ¶ 3; R. 27, Appellants' Resp. ¶ 4. In February 2018, the state court granted summary judgment in favor of Wells Fargo and simultaneously entered judgment to foreclose on the property. R. 19, Exh. A, State Court Judgment. A few months later, in May 2018, the Torreses filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. R. 27, Exh. A, Bankruptcy Filing. Their filing triggered an automatic stay of the foreclosure action under 11 U.S.C. § 362.

Wells Fargo moved to lift the automatic stay and enforce its rights against the property in July 2018. Bankr. R. 33, Mot. to Lift Stay. The Torreses opposed the motion and filed their own motion to extend the bankruptcy stay. Bankr. R. 35, Mot. to Extend Stay. The Torreses argued that they never had a mortgage with Wells Fargo, *id.* ¶ 2, Wells Fargo discriminated against them, *id.* ¶¶ 4-7, their original 2007 mortgage application with World Savings Bank (which was later acquired by Wells Fargo) was "cancel[]ed," *id.* ¶ 8, and that their property "is paid in full," *id.* ¶ 9. They also argued that Wells Fargo had no standing to file the foreclosure action in state court because the Torreses believed that Wells Fargo was only the servicer of their. *Id.* ¶ 10.

The bankruptcy court granted Wells Fargo's motion and denied the Torreses' motion at a hearing later that same month. R. 19 Exh. C, Bankr. Tr. at 9:1-5, 15:5-8. *See also* R. 19, Exh. B, Order Granting Relief from Stay. During the hearing, the bankruptcy court explained to Ms. Torres that the bankruptcy trustee had "found that there were no assets for the bankruptcy estate," *id.* at 6:11-12, and that Ms. Torres needed to bring any additional claims challenging the foreclosure action in state court, *id.* at 7:6-8:8. The Torreses appealed the order lifting the stay shortly thereafter. Their opening brief repeats many of the same arguments they made in front of the bankruptcy court, including that Wells Fargo lacked standing to bring a foreclosure action, the Torreses never had a mortgage with Wells Fargo, and the property "is paid in full." R. 15, Appealants' Br. at 6-7, 14.

The Torreses also twice moved *this* Court to stay the enforcement of the bankruptcy court order lifting the stay of the foreclosure proceedings, which the Court denied both times. *See* R. 7, 8/15/2018 Minute Entry; R. 35, 12/16/2018 Minute Entry. The Torreses appealed these decisions under 28 U.S.C. § 1291, but the Seventh Circuit denied their motion to stay enforcement of the order lifting the stay. R. 37, Notice of Appeal; R. 43, 12/27/2018 Order. The Torreses next petitioned to file an appeal to the Seventh Circuit under 28 U.S.C. § 1292(b), R. 36, § 1292(b) Petition, and simultaneously moved this Court for permission to file the appeal *in forma pauperis*, R. 40, *In Forma Pauperis* Petition. The Court denied both motions in February 2019. R. 44, 2/11/2019 Minute Entry. The Torreses appealed these latest

3

decisions as well and briefing is almost complete in the Seventh Circuit. R. 48, 3/8/2019 Briefing Order.

It is important to note too that the Torreses appealed the state court foreclosure judgment on five separate occasions. Three of those appeals were denied by the Illinois Supreme Court at various points in 2017. Mot. Dismiss at 3. The fourth appeal was denied in September 2018. R. 28, Exh. A, 9/26/2018 S. Ct. Ill. Dkt. In October 2018, while the parties were briefing this appeal of the bankruptcy court's stay order, the Torreses filed a fifth appeal with the Illinois Supreme Court entitled "Motion for Leave to File Motion to Reconsider Denial of Petition for Leave to Appeal." R. 29, Exh. 2 at 1.

Wells Fargo now moves to dismiss the appeal of the bankruptcy court's order lifting the stay because (1) this Court lacks subject-matter jurisdiction under *Rooker-Feldman*; (2) there is no case or controversy to be decided; and (3) the appeal is frivolous. Mot. Dismiss.

## II. Standard of Review

A federal district court has jurisdiction to hear appeals from certain decisions of a bankruptcy court under 28 U.S.C. § 158(a), including a bankruptcy court's decision to grant or deny relief from the automatic stay. *See In the Matter of James Wilson Assocs.*, 965 F.2d 160, 166 (7th Cir. 1992) (explaining that orders denying relief from the automatic stay are final and appealable); *In the Matter of Boomgarden*, 780 F.2d 657, 659-60 (7th Cir. 1985) (holding that a stay-relief order was a final order). A district court reviews a bankruptcy court's determinations of law *de novo*

and applies a "clear error" standard when reviewing findings of fact. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009).

### III. Analysis

Wells Fargo makes three arguments in its motion to dismiss: (1) this Court lacks subject-matter jurisdiction under *Rooker-Feldman*; (2) there is no case or controversy to be decided; and (3) the appeal is frivolous. Mot. Dismiss. All three rely on the same basic premise—the Torreses seek to relitigate the state court foreclosure judgment in federal court, which is barred under *Rooker-Feldman*. The Court agrees that the bankruptcy court acted correctly in lifting the stay, because the Torreses are not permitted to relitigate the state court foreclosure here in federal court.

*Rooker-Feldman* is a longstanding doctrine that bars the lower federal courts from reviewing the judgments of state courts. *Lance v. Dennis*, 546 U.S. 459, 464 (2006). Federal courts lack jurisdiction over these claims because "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel,* 773 F.3d 884, 885 (7th Cir. 2014). *Rooker-Feldman*, though, is a "narrow doctrine confined to cases brought by state-court losers complaining of injuries caused by state-court judgments, rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464 (cleaned up).[2] When

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. See Jack Metzler, Cleaning Up Quotations, 18 Journal of Appellate Practice and Process 143 (2017).

5

determining whether the doctrine applies, the pivotal question is "whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018).

It is plain from the face of the Torreses' opening appellate brief that they intend to relitigate the foreclosure action. In the first paragraph of the brief, they list their objections to foreclosure, including that Rosee Torres has a 100% interest in the property, their original mortgage with World Savings was paid in full, and their application for a mortgage in 2007 was denied and never executed. Appellants' Br. at 4. They go on to say outright that the appeal "is based on a summary judgment entered in the Circuit Court of Cook County on February 26, 2018." *Id.* at 6. These same arguments also dominate their response to Wells Fargo's motion to dismiss. *See* R. 27, Mot. Dismiss Resp. Under *Rooker-Feldman*, however, no lower federal court can address these allegations because "federal courts are bound by state-court resolutions of debtors' defenses to mortgage foreclosure." *Matter of Lisse*, 921 F.3d 629, 640 (7th Cir. 2019).

What's more, there can be no question that the Torreses' requested relief would require a federal court to overturn a state court judgment. The remedy they seek is to prevent the bankruptcy court from honoring the state court's foreclosure order, which would, in effect, require the bankruptcy court to review and reject the order. No lower federal court has the authority to do that. *Taylor v. Federal Nat'l Morg. Ass'n*, 374 F.3d 529, 534 (7th Cir. 2005) (cited by *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) ("*Rooker-Feldman* applies for the additional reason that despite

[the plaintiff's] assertions to the contrary, the relief she seeks would require that we nullify the state-court judgment.") (non-precedential disposition)); *see also Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825-26 (7th Cir. 1999). Nor does it matter that the Torreses have couched their appeal in terms of "fraud." Appellate Br. at 15; Mot. Dismiss Resp. at 10. There is no fraud exception to the *Rooker-Feldman* doctrine. *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). This is because the doctrine is "concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene." *Id.* (emphasis in original).

The Torreses' argument that Wells Fargo lacks standing is likewise unavailing. Appellate Br. at 14; Mot. Dismiss Resp. at 10, 13. Wells Fargo's standing in bankruptcy court as a creditor stems from the state court foreclosure judgment, not any note or mortgage document. *Matter of Lisse*, 921 F.3d 629, 640 (7th Cir. 2019) ("The Wisconsin foreclosure judgment established HSBC as the Lisses' judgment creditor. It is the foreclosure judgment, not the note, that gives HSBC standing at this point to object to Steven Lisse's Chapter 13 plan.").[3] As a result, the validity of the mortgage document has no bearing on the federal court analysis. "Even if the note is a forgery, until the [Torreses] obtain a vacatur of the foreclosure judgment, [Wells Fargo's] standing as a judgment creditor is unassailable." *Id.*

---

[3]For the same reason, the bankruptcy court did not err when it refused to require more proof of Wells Fargo's rights to the property. Mot. Dismiss Resp. at 4. The state court judgment had already established those rights, and the judgment was the basis for Wells Fargo's appearance in the bankruptcy matter.

7

Finally, the Torreses raise the pendency of their fifth appeal to the Illinois Supreme Court. *See* Mot. Dismiss Resp. at 1. Their argument on this point is not fully fleshed out, but that is beside the point, because the state court appeal (if it can be called that) does not block the application of *Rooker-Feldman*. First, *Rooker-Feldman* applies with equal force to both final and interlocutory orders in state court. "[I]nterlocutory orders entered prior to the final disposition of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker-Feldman*." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Second, lifting the bankruptcy stay does not undermine the state appellate process or even accelerate foreclosure while the appeal is pending. Quite the contrary. The Torreses can only pursue their appeal in state court (to the extent that state procedure allows) if the bankruptcy stay is lifted. 11 U.S.C. § 362 (staying the "continuation … of a judicial, administrative, or other action or proceeding against the debtor"). Indeed, the bankruptcy court attempted to explain this to Ms. Torres at the July 2018 hearing. Bankr. Tr. at 12:19-22.

In sum, *Rooker-Feldman* bars this Court—as it barred the bankruptcy court—from considering any of the Torreses' objections to the state court foreclosure judgment. As a formal matter, however, the Torreses' appeal is not dismissed for lack of subject-matter jurisdiction, because this Court does have jurisdiction to hear the *appeal* under 28 U.S.C. § 158(a). Instead, the appeal is dismissed as frivolous because "it is clear beyond any reasonable doubt that [this] case doesn't belong in federal court." *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010). There is no way for this

8

Court to instruct the bankruptcy court to vacate the state court judgment to foreclose on the Torreses' home. So the challenge to the lifting of the stay, premised on the attempt to relitigate the foreclosure action, is frivolous.

## IV. Conclusion

For the reasons discussed, Wells Fargo's motion, R. 19, is granted, and the appeal is dismissed as frivolous.

                                                ENTERED:

                                                s/Edmond E. Chang
                                                Honorable Edmond E. Chang
                                                United States District Judge

DATE: May 15, 2019